# 2009 DTA 119

**TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL PONCE**

SALVADOR MANDRY NONES, ETC.
Recurrentes

v.

JUNTA DE PLANIFICACIÓN, ETC.
Recurridos

Núm. KLRA-2009-0583

San Juan, Puerto Rico, a 20 de agosto de 2009

Panel integrado por su Presidente, el Juez Miranda De Hostos,
y los Jueces Escribano Medina y Bermúdez Torres

### TEXTO COMPLETO DE LA SENTENCIA

El señor Salvador Mandry Nones, en representación de Vernix Engineering Corp., nos solicita que revoquemos una resolución emitida por la Junta de Planificación el 11 de marzo de 2009, en la cual se denegó una consulta de ubicación que él presentara para la construcción de un proyecto comercial.

Por no estar de acuerdo, el señor Mandry Nones aduce que la agencia recurrida se equivocó al adjudicar la aludida consulta sin antes celebrar una vista pública o evidenciaria. Además, alega que el referido organismo interpretó incorrectamente el Reglamento de Calificación de Puerto Rico, Reglamento de Planificación Núm. 4, Reglamento 7628 de 11 de diciembre de 2008, [1] y al determinar que el proyecto propuesto impactaba el área del cauce mayor del Río Guayanilla.

Por los fundamentos que expondremos a continuación, se confirma la resolución recurrida.

### I

El 29 de agosto de 2008, el señor Mandry Nones presentó ante la Junta de Planificación una solicitud para la aprobación de la consulta de ubicación núm. 2008-61-0462-JPU, para la construcción de un centro comercial en el Barrio Pueblo del Municipio de Guayanilla. En ésta se expuso que el terreno donde se realizaría el proyecto estaba ubicado en el área denominada AE, con un nivel de inundación de 10 metros sobre el nivel promedio del mar. Junto con su petición, la recurrente acompañó varios documentos, entre estos, un estudio de viabilidad, varios planos y un Formulario para Evaluación Ambiental.

El 29 de septiembre de 2008, la Junta de Planificación notificó una resolución de requerimiento en la cual le solicitó a varias agencias gubernamentales que sometieran sus comentarios acerca de la consulta de ubicación sometida por el señor Mandry Nones en representación de Vernix Engineering Corp. El 8 de octubre de 2008, el Departamento de Recursos Naturales presentó ante la agencia recurrida su posición en cuanto al desarrollo

propuesto. Expuso que no endosaba el proyecto porque el predio donde se realizaría estaba localizado en una zona AE, dentro del cauce mayor del Río Guayanilla, y con especial riesgo a inundaciones.

Posteriormente, mediante resolución dictada el 11 de mayo de .2009, notificada y archivada en autos su original el 31 de marzo de 2009, la Junta de Planificación denegó la consulta de ubicación 2008-61-0462-JPU, para un desarrollo comercial en el Barrio Pueblo del Municipio de Guayanilla, por encontrarse los terrenos objetos de la misma dentro del cauce mayor regulatoria del Río Guayanilla.

Del récord surge que el 21 de abril de 2009, el Ing. Carlos E. Rebollo Marrero, en representación de Vernix Engineering Corp., solicitó la reconsideración de la determinación emitida el 11 de marzo de 2009. Expuso que la parte del predio en controversia localizada dentro del cauce mayor del Río Guayanilla estaba en proceso de serle cedida al Departamento de Recursos Naturales mediante el caso núm. RO-15-08-07-CE-042.

El 30 de abril de 2009, la Junta de Planificación denegó la anterior determinación, en vista de que las razones denegatorias para la consulta no habían variado, ni se habían presentado planteamientos adicionales que justificaran la variación de la decisión original.

Inconforme, el recurrente aduce como señalamientos de error lo siguiente:

"PRIMER ERROR: Abusó de su discreción o erró la JP al no señalar vista pública evidenciaria o otorgar una oportunidad para ser oído a SMN en torno a si el proyecto propuesto impactaba el cauce mayor del Río Guayanilla.

SEGUNDO ERROR: Abusó de su discreción o erró como cuestión de derecho al interpretar el Reglamento de Planificación Núm. 13.

TERCER ERROR: Abusó de su discreción o erró la JP al determinar que el proyecto impactaba el cauce mayor del Río Guayanilla sin considerar que la porción del terreno de la finca donde está el cauce mayor del Río Guayanilla estaba en proceso de ser cedido al DRNA."

**II**

En cuanto al primer error, cabe señalar que la Junta de Planificación no estaba obligada a celebrar una vista pública para adjudicar la procedencia de la consulta de ubicación solicitada por la parte recurrida, pues tomó en consideración toda la información que le fue presentada por parte de la proponente, incluyendo el asunto de que su propiedad estaba en la zona del cauce del río. El hecho de que los comentarios del Departamento de Recursos Naturales no le fueron notificados a Vernix Enginering Corp. ni al señor Mandry Nones no les privó de la oportunidad para rebatir esa información. Los documentos acompañados al recurso demuestran que el recurrente pudo argumentar ese asunto. Es más, conforme a sus argumentos, todavía tiene vigente otro proceso administrativo para ceder a favor del DRN parte de la finca que acepta estar ubicada dentro del cauce del Río Guayanilla.

Es importante destacar que la Junta de Planificación se reafirmó en el acuerdo denegatorio en la consulta arguyendo que no habían variado las condiciones y que el proponente no sometió planteamientos adicionales. De hecho, para el recurrente no es nuevo el hecho de que el terreno objeto de la propuesta está bajo un proceso relacionado a la cesión a favor del DRN en el caso RO-15-08-07-CE-042. Ante estas circunstancias, no había que darle al proponente una vista a tenor con el Reglamento de Calificación de Puerto Rico, tópico III, sección 4.12.

Se ha reconocido como principio rector que, aunque el derecho a un debido proceso de ley en el ámbito administrativo no tiene la rigidez que posee en la esfera penal, *sí requiere un proceso justo y equitativo que*

*garantice y respete la dignidad de los individuos afectados. Torres v. Junta Ingenieros*, 161 D.P.R. 696 (2004).

En resumen, la Junta de Planificación no basó su determinación exclusivamente en los comentarios sometidos por el Departamento de Recursos Naturales y. habiéndose evaluado administrativamente toda la información del proponente la celebración de una vista no era necesaria. Además, en aquellos casos de consulta de ubicación, la Junta de Planificación no está obligada a celebrar una vista pública y es discrecional si, así se concede.

## III

En cuanto al segundo error alegado, es norma trillada que las determinaciones de las agencias administrativas especializadas merecen gran consideración y respeto. *O.E.G. v. Igartúa de la Rosa*, 157 D.P.R. 826 (2002). De igual forma, la interpretación *que dichos organismos hagan del estatuto cuya administración y cumplimiento están llamados a velar* merece gran deferencia. *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.*, 144 D.P.R. 425 (1997). Ello obedece a la vasta experiencia y conocimiento (*expertise*) en relación con la materia con la que lidian día tras día de las agencias administrativas.

Del expediente surge que la Junta de Planificación recibió los comentarios del Municipio de Guayanilla, así como los emitidos por su Unidad de Inundaciones sobre la propuesta. Así también, surge que el recurrente sabía que la propiedad sobre la cual hizo la consulta está clasificada en la zona AE y dentro del cauce mayor reglamentario del Río Guayanilla de acuerdo al panel 72000c16204 de los mapas sobre tasas del seguro de inundación. Esa información era conocida por la recurrente desde un principio.

De lo antes expuesto es evidente que la agencia no abusó de su discreción al interpretar el Reglamento de Planificación Núm. 13. La decisión administrativa objeto de este recurso mantiene la presunción de legalidad y corrección. Estamos obligados a respetarla, ya que la parte recurrente no ha producido evidencia para derrotarla. *Henríquez v. Consejo de Educación Superior*, 120 D.P.R. 194 (1987).

La Sec. 4.5 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, Ley 170 de 12 de agosto de 1988, 3 L.P.R.A. sec. 2175, delimita el alcance de la revisión judicial de las decisiones administrativas. Dispone que las determinaciones de hechos de las agencias serán sostenidas por el Tribunal *si se basan en evidencia sustancial que obre en el expediente administrativo*.

A la luz de lo antes expresado, resulta evidente que *la actuación administrativa fue razonable, cónsona con el propósito legislativo y en una ejecución adecuada de su discreción. T-JAC, Inc. v. Caguas Centrum Limited*, 148 D.P.R. 70 (1999); *Rivera v. A & C Development Corp., supra*.

## IV

El tercer error tampoco fue cometido, pues surge del récord administrativo que la determinación de la agencia, a los efectos de que el proyecto propuesto impactaba el cauce mayor del Río Guayanilla, tomó en consideración que la totalidad de la finca está en el cauce mayor del Río Guayanilla conforme a los Mapas sobre Tasas de Seguros de Inundación. Así también, el Reglamento sobre Áreas Especiales de Riesgo a Inundación, sección 1.03, no promueve la localización de nuevos desarrollos ni mejores sustanciales en las áreas declaradas de riesgos de inundación.

El planteamiento del recurrente a los efectos de que tiene pendiente una segregación de una porción de la finca, que admite como ubicada dentro del cauce del Río Guayanilla, no cambia los hechos reales bajo los cuales se tomó la decisión recurrida ni configura un asunto a evaluarse judicialmente, pues cae dentro del "expertise" administrativo.

Los reglamentos promulgados por la Junta de Planificación tienen el propósito de dirigir los esfuerzos de

dicha agencia para ejercer su función principal, que es ". . . guiar el desarrollo integral de Puerto Rico de modo coordinado, adecuado, económico, el cual, de acuerdo con las actuales y futuras necesidades sociales y los recursos humanos, ambientales, físicos y económicos, hubiere de fomentar en la mejor forma la salud, la seguridad, el orden, la convivencia, la prosperidad, la defensa, la cultura, la solidez económica y el bienestar general de los actuales y futuros habitantes, y aquella eficiencia, economía y bienestar social en el proceso de desarrollo, en la distribución de población, en el uso de las tierras y otros recursos naturales, y en las mejoras públicas que tiendan a crear condiciones favorables para que la sociedad pueda desarrollarse integralmente." Art. 4 de la Ley Orgánica de la Junta de Planificación de Puerto Rico, 23 L.P.R.A. sec. 62c.

A la luz de todo lo acontecido en el foro administrativo, existe base racional por evidencia sustancial, que sostiene la decisión de la agencia. Rebollo Vda. de Licieaga v. YiYi Motors, 161 D.P.R. 69 (2004).

## V

De conformidad con los fundamentos que hemos expuesto, se confirma la resolución recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones

### ESCOLIO 2009 DTA 119

**1.** La consulta de ubicación de epígrafe se presentó el 29 de agosto de 2008, pero se adjudicó el 11 de marzo de 2009, por lo cual le aplica el Reglamento de Calificación de Puerto Rico, *supra*. *Maldonado* v. *Junta*, 171 D.P.R. ___ (2007), **2007 J.T.S. 92**.